FILED
SUPERIOR COURT
OF GUAM

2014 SEP 10 AM 9: 07

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT**
**OF GUAM**

THE PEOPLE OF GUAM,       )       CRIMINAL CASE No. CF 0133-14
          )
          )
      v.           )       **DECISION AND ORDER**
          )
MICHELLE T. UNGACTA,       )
          )
      Defendant.       )
          )

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's Motion to Dismiss the Indictment was taken under advisement by the Honorable Judge Michael J. Bordallo on August 12, 2014. Defendant is represented by attorney F. Randall Cunliffe. The People of Guam are represented by Assistant Attorney General Rogelio G. Bataro Jr. Having considered the papers, pleadings and file herein, the Court now enters an order granting in part Defendant's motion to dismiss.

**BACKGROUND**

On March 18, 2014, Defendant was indicted on charges of: 1) Simple Stalking (As a 3rd Degree Felony); 2) Criminal Intimidation, (As a Misdemeanor); 3) three counts of, Official Misconduct (As a Misdemeanor); and 4) Obstructing Governmental Function (As a Misdemeanor).

On June 26, 2014, Defendant filed a motion to dismiss the indictment. Mot at 1. In support of this request Defendant asserts that the date of the indictment's first charge falls

outside of the statute of limitations. *Id.* As to the second charge of Criminal Intimidation Defendant argues that the People failed to introduce any evidence to the grand jury that supports the elements of compulsion or inducement of a privileged act by threat. *Id.* at 2. She also argues and asserts that there is nothing in the second charge to indicate it was based upon misconduct in a government office and so also falls outside of the statute of limitations. *Id.*

As to counts one and two of the third charge of Official Misconduct, Defendant similarly asserts that no evidence of contact which was unauthorized was presented. *Id.* at 3. Regarding count three, Defendant asserts that there was no evidence presented of her entering the control room, only the monitor room. *Id.* 3-4. Lastly she argues that no evidence was presented to the grand jury that she did any of the matters alleged. *Id.* 4-5.

The People filed its opposition to Defendant's motion on July 17, 2014. Opp. at 1. Addressing the Defendant's statute of limitations argument, the People argue that the time period alleged in charge one falls within the scope of the public officer exception referenced in the indictment and found in 8 GCA § 10.40. *Id.* at 2-3. As to the second charge the People argue that there is no contention that Defendant was not employed as a marshal of the Superior Court of Guam during the alleged time period. *Id.* at 3. In further support of this argument it cites to grand jury testimony which so indicates. *Id.*

The People further argue that the evidence presented was sufficient when reviewed under the appropriate standard. *Id.* at 4-5. As to the second charge it refers to Officer Lujan's testimony that Defendant induced subordinate Marshal Untalan to participate. *Id.* at 5. For the three counts of the third charge the People refer in general to the testimonies of Officers, Lujan, Yatar and Leon Guerrero and specifically to Officer Lujan. *Id.* at 6. It asserts that Officer Lujan

testified that Defendant, while performing official duties as supervisor, directed Untalan and Yatar to perform unauthorized and harassing activities. *Id.*

Lastly, as to the fourth charge, the People again generally refer to the testimonies of officers Lujan and Yatar. *Id.* at 7. Specifically it asserts that officer Lujan testified that Defendant, expressing her unhappiness at being ratted out by another, told Yatar: 1) Yatar would be questioned about Defendant's possible misconduct; 2) to deny everything when questioned; and 3) not to tell the investigator that Defendant had talked to her. *Id.* The People assert that the above grand jury evidence is sufficient to support the indictment. *Id.* at 8.

Defendant filed her reply on July 29, 2014. *Id.* Citing a 1999 decision of the Guam Supreme Court, she argues that the People's reference to 8 GCA §10.40 alone without reciting any of the statute's factual elements is not adequate. *Id.* As to its sufficiency arguments in the second charge, Defendant argues the government has mischaracterized the evidence. *Id.* at 2. She asserts that the only evidence presented was that Defendant asked Marshal Untalan to make some phone calls and he made them. *Id.*

Regarding the third charge Defendant argues that the 'engaging' behavior asserted by the People is dissimilar to the 'contact' required in the indictment. *Id.* at 3. She argues that absent evidence of specific contact and of misconduct in the control room, respectively, the three counts of charge three should be dismissed. *Id.* at 3. Lastly, as to charge four, Defendant reasserts her argument that expressing her unhappiness at being ratted out is not obstructing a governmental function.

## DISCUSSION

### I. Charges One and Two

Section 55.10 of Title 8 of the Guam Code in pertinent part provides, "[t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged . . . ." 8 GCA § 55.10 (2013). In November of this past year, while reviewing an indictment's facial sufficiency, the Guam Supreme Court explained that an "indictment serves two essential purposes: it affirms that the grand jury found probable cause for the charges in the indictment, and it gives the defendant notice of the charges." *Guam v. San Nicolas*, 2013 Guam 21 ¶ 12. In 2000 the Court further explained,

> Guam law is thus in accord with well-established case law, which holds that an indictment is sufficient if 1) it contains the necessary elements of the crime alleged, 2) it informs the defendant of the crime charged with sufficient clarity to allow him to adequately defend against the charges, and 3) it is stated with sufficient clarity to bar subsequent prosecution for the same offense.

*People v. Salas*, 2000 Guam 2 ¶19. The *San Nicolas*, Court emphasized that, "the grand jury's role is to find whether probable cause exists for *all* elements of a charged offense." *San Nicolas*, 2013 Guam 21 ¶ 21. Upon review of the indictment the Court is not persuaded that the grand jury was presented with all of the necessary elements of the offenses as to charges one and two. *Id.*

Section 10.40 of Title 8 of the Guam Code enlarges the statute of limitation for offenses committed by public officers, employees and their accomplices. 8 GCA § 10.40. (2013). However its application requires that the charged offense be, "based upon misconduct in office." *Id.* Accordingly, whether the conduct was so based becomes an additional element for which probable cause must first be found. *Id.*; *San Nicolas*, 2013 Guam 21 ¶ 21 (We cannot

speculate whether . . . the grand jury meant to find probable cause as to those missing elements, which were not actually charged in the indictment. Nor would we endeavor to treat such a sacrosanct process so indifferently by presuming to divine the grand jury's intentions where those intentions were not expressed in the charging document itself).   Absent charges one and two containing this additional element the Court is not able to find that they were properly presented to the grand jury. *Id.*

**II. Charges Three and Four**

Section 50.42 of Title 8 of the Guam Code provides,

The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.

8 GCA § 50.42 (2013).   In November 2013, the Guam Supreme Court, citing Section 50.54 of Title 8 of the Guam Code, explained that "a grand jury serves a gatekeeping function by considering the sufficiency of the evidence to support an indictment." *San Nicolas*, 2013 Guam 21 ¶ 11.  Section 50.54(b) provides, "(b) [t]he grand jury shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54 (2013).

Inherent within this function and these mandates is the People's duty to present to the grand jury some evidence of each of the essential elements of a charge. See, *People of Territory of Guam v. Quidachay*, 1986 WL 68912 at *1-2 (D. Guam App. Div. 1986).  While *Quidachay* clarifies that it would be unwise to allow for the re-consideration of whether the evidence that was presented to a grand jury was competent or credible, axiomatic to the statute's existence is the Court's duty to ensure that some evidence of each element was presented. *Id.*

The parties in this case make few assertions of the specific testimony offered. Instead they broadly argue, making conclusory statements, of the existence or lack of evidence under the above standard or individual charges. Despite this the Court finds that there is some evidence to support charge three, counts one and two, and charge four. *Id.*

As to charge three, the Guam Code identifies the following official misconduct elements: 1) a public servant, 2) with intent to benefit himself or another, or harm another, 2) commits an act relating to his office, 3) constituting a knowing unauthorized exercise of official functions. 9 GCA § 40.90(a) (2013). In this case the People assert that evidence was presented to the grand jury that Defendant, while performing her official duties as supervisor, directed officers Yatar and Untalan to harass the victim; Untalan being directed to do so through phone calls. Mot. at 3 and 6. Additionally and more specifically, the grand jury received evidence that Defendant directed Officer Yatar to deny everything when she was asked to participate in Defendant's misconduct investigation and to not tell the investigator of Defendant's communication to her. *Id.* at 7.

Count three of charge three asserts Defendant knowingly placed herself in the control area of the marshal's division. The people have not identified any testimony or evidence that might support a finding that this occurred. Absent this, the Court is unable to find this count of the indictment sufficient under 8 GCA § 50.54 (2013); *Quidachay,* 1986 WL 68912 at *1-2 (D. Guam App. Div. 1986).

On its face Section 55.45 of Title 9 the Guam Code outlines the following elements for charge four, Obstructing a Governmental Function: 1) intentional obstruction, 2) of a governmental function, 3) by breach of an official duty or other unlawful act. 9 GCA § 55.45 (2013). Under the facts described above the Court finds there was some evidence presented to

satisfy charge four. *Id.*; *Quidachay*, 1986 WL 68912 at *1-2 (D. Guam App. Div. 1986). While it is possible that many virtuous or innocuous interpretations might arise out of the facts presented to the grand jury in this case, the weight, existence of, number or probability of, these inferences and interpretations, are not the standard by which this Court is allowed to review a Guam grand jury's return. 8 GCA § 50.54 (2005).

## CONCLUSION

For the foregoing reasons the Defendant's motion is GRANTED in part. Charges One, Two and the third count of Charge Three, are hereby dismissed without prejudice.

SO ORDERED this 10 of _September_ 2014.

HONORABLE MICHAEL J. BORDALLO
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
AG   R-Cunliffe

Date: 9/10/14   Time: 9:12AM

Deputy Clerk, Superior Court of Guam